IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO DE LEON, ROMERO | § | |
| DE LEON, and BENIGNO GOMEZ, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | C.A. No. B-94-284 |
| | § | |
| MARIO TREVINO, | § | |
|     Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages and declaratory relief brought by three agricultural workers against their former agricultural employer alleging violations of their rights under the Fair Labor Standards Act, 29 U.S.C. §§201, et seq., (hereafter "FLSA"), and the Agricultural Worker Protection Act, 29 U.S.C. §§1801, et seq., (hereafter "AWPA").

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to the following:

    a. 28 U.S.C. §1331 (Federal Question);

    b. 29 U.S.C. §216 (b) (FLSA); and

    c. 29 U.S.C. §1854 (AWPA).

3. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

4. Plaintiffs ARMANDO DE LEON, ROMERO DE LEON, and BENIGNO GOMEZ are residents of Harlingen, Cameron County, Texas.

5. At all times relevant to this action, the Plaintiffs were "Seasonal Agricultural Worker" within the meaning of 29 U.S.C. §1802 (10)(A).

6. Defendant MARIO TREVINO is an individual residing in San Benito, Cameron County, Texas. Process may be served by registered mail or by personal service at Rt 1, Box 755, San Benito, Texas 78586.

7. At all times relevant to this action Defendant MARIO TREVINO was an agricultural employer within the meaning of 29 U.S.C. §1802 (2).

## STATEMENT OF FACTS

8. During the month of May 1994 the Plaintiffs were employed by Defendant MARIO TREVINO to harvest okra on a farm owned and/or operated by the Defendant MARIO TREVINO.

9. Plaintiffs employment with Defendant MARIO TREVINO lasted approximately three (3) days and the work was performed in or near San Benito, Cameron County, Texas.

10. Pursuant to the working arrangement offered by Defendant MARIO TREVINO and accepted by Plaintiffs ARMANDO DE LEON, et al., Plaintiffs were to be paid the federal minimum wage of $4.25 (four dollars and twenty five cents) per hour for each hour worked.

11. Plaintiffs' employment with Defendant MARIO TREVINO ended in May, 1994. Since May of 1994 the Plaintiffs have repeatedly requested to be paid the wages owed to them by Defendant MARIO TREVINO; however, Defendant MARIO TREVINO has failed to tender Plaintiffs said wages.

12. Defendant MARIO TREVINO provided the Plaintiffs false and misleading information concerning the terms and conditions of employment by promising to pay Plaintiffs $4.25 (four dollars and twenty cents) for each hour worked and then refusing to do so.

13. Defendant MARIO TREVINO breached the work agreement by agreeing to pay plaintiffs $4.25 (four dollars and twenty five cents) for each hour they worked and then failing to do so.

14. During the course of Plaintiffs' employment Defendant MARIO TREVINO failed to provide an itemized written pay statement containing the information required by the AWPA.

15. As a result of the Defendants' breach of the working arrangement the Plaintiffs have suffered economic and financial loss.

16. Prior to the filing of this civil action, the Plaintiffs made a good faith effort to settle their claims with the Defendant MARIO TREVINO.

## CAUSES OF ACTION

## FAIR LABOR STANDARDS ACT

17. At all times relevant to this action, Defendant MARIO TREVINO was an employer within the meaning of the FLSA.

18. At all times relevant to this action, Plaintiffs were employed by Defendant MARIO TREVINO within the meaning of the FLSA.

19. At all times relevant to this action, Defendant MARIO TREVINO was engaged in the production of goods for interstate commerce within the meaning of the FLSA.

20. Defendant MARIO TREVINO violated 29 U.S.C. §201, et seq., by failing to pay the Plaintiffs the federally mandated minimum hourly wage for all hours worked each workweek during the period of their employment.

21. Defendant's failure to pay Plaintiffs the federally mandated minimum waged for all hours worked each workweek during their period of employment was a willful violation of the FLSA.

22. As a consequence of Defendant's violation of their rights under the FLSA, Plaintiffs are entitled to their unpaid wages, an additional equal amount in liquidated damages, costs of court, and reasonable attorney's fees, pursuant to 29 U.S.C. §216(b) of the FLSA.

## AGRICULTURAL WORKER PROTECTION ACT

23. Defendant MARIO TREVINO intentionally violated Plaintiffs' rights under the AWPA as follows:

    a. by providing false and misleading information regarding the terms and conditions of employment in violation of 29 U.S.C. §1821(b);

    b. by failing to post with the terms of the working arrangement, in violation of 29 U.S.C. §1822(c);

    c. by failing to provide each employee with written pay statements as required by 29 U.S.C. §1831(c)(2); and

    d. by failing to pay wages owed when due, as required by 29 U.S.C. §1832(a).

24. For each violation of the AWPA, each Plaintiff is entitled to recover actual damages or up to $500.00 (five hundred dollars) per violation in statutory damages as required by 29 U.S.C. §1854.

## PRAYER FOR RELIEF

25. Plaintiffs request that the Court grant them the following relief:

    a. Enter a declaratory judgment that Defendant MARIO TREVINO is liable to Plaintiffs for Defendant's violations of the AWPA and violations of Plaintiffs' rights under the FLSA;

    b. Award Plaintiffs their actual damages, or alternatively, statutory liquidated damages for Defendant's violations of the AWPA;

5

c.   Award Plaintiffs their unpaid minimum wags and liquidated damages in an equal amount;

d.   Award Plaintiffs reasonable attorneys fees and costs of court;

e.   Award Plaintiffs prejudgment and postjudgment interest; and

f.   Enter judgment awarding Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted,

_____
Rodolfo D. Sanchez
Attorney in Charge for
    Plaintiffs
Texas Bar I.D. No. 17572100
Southern District No. 12600
Texas Rural Legal, Inc.
259 South Texas Blvd
Weslaco, Texas  78596
Tel.:  (210) 968-9575
Fax.:  (210) 968-8823

OF COUNSEL:

Texas Rural Legal, Inc.
259 South Texas Blvd
Weslaco, Texas  78596
Tel.:  (210) 968-9575
Fax.:  (210) 968-8823