IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
FILED

FEB 27 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ARMANDO DE LEON, ROMERO DE LEON, and BENIGNO GOMEZ, § § § § Plaintiffs, § § CIVIL ACTION NO. B-94-284 VS. § § MARIO TREVINO, § § Defendant. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' Motion for Summary Judgment (Docket No. 17). For the reasons that follow, it is recommended that plaintiffs' motion be granted.

### BACKGROUND

Defendant Mario Trevino is an individual who in 1994 operated a farm in the vicinity of San Benito, Texas. During the month of May 1994, Trevino employed Armando DeLeon, Romero DeLeon, and Benigno Gomez ("Plaintiffs") to harvest okra. Plaintiffs' employment lasted three days, and each plaintiff worked the following total number of hours: Armando DeLeon, 29 hours; Romero DeLeon, 29 hours; and Benigno Gomez, 23 hours. Alleging that Trevino never paid them for the work performed, plaintiffs brought this cause of action seeking relief under the Fair Labor Standards Act ("FLS"), 29 U.S.C. § 201, *et seq.*, and the Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801, *et seq.* Plaintiffs filed this motion for summary judgment seeking a complete adjudication of all claims alleged in this case. Trevino did not respond to the motion.

1

23

## STANDARD OF PROOF

Plaintiffs are not automatically entitled to summary judgment merely because Trevino failed to respond to their motion. *See John v. Louisiana*, 757 F.2d 698, 707-08 (5th Cir. 1985). However, if plaintiffs meet their burden under FED. R. CIV. P. 56, Trevino cannot survive their motions merely by resting on allegations in his pleadings. *See Isquith v. Middle S Utils., Inc.*, 847 F.2d 186, 199 (5th Cir. 1988). The Court may accept as undisputed the facts described in support of plaintiffs' motion. *See Everslay v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). If plaintiffs have met their Rule 56 burden, summary judgment is appropriate if Trevino, as the non-movant, fails to set forth specific facts, by affidavits or otherwise, showing there is a genuine issue of fact for trial. *See Topalian v. Everman*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (once movant for summary judgment meets burden imposed by Rule 56, non-movant cannot rely on pleadings, but must designate specific facts showing there is a genuine issue for trial).

## FLSA CLAIMS

The Court will first consider plaintiffs' claims under §§ 206 and 216 of the FLSA. Farm workers employed in commerce must receive the federal minimum wage pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The minimum wage at the time plaintiffs worked for Trevino was $4.25 an hour. *See* 29 U.S.C. § 206. The Court has received sufficient proof that plaintiffs performed work for Trevino for which they did not receive the minimum wage of $4.25 per hour. *Cf. Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946) (The Supreme Court required that the employee show by a preponderance of the evidence that some compensable work was in fact performed without proper compensation. The burden of proving the exact number

2

of hours worked shifts to the employer if the worker can estimate the hours worked by a just and reasonable inference. The employer can only rebut this prima facie case by proving the exact number of hours worked by the preponderance of the evidence, or by showing that the plaintiff's estimation of his unpaid wages is not a reasonable inference from the evidence).

Plaintiffs offer summary judgment evidence that Armando DeLeon and Romero DeLeon worked for Trevino for a total of twenty-nine hours each and that Benigno Gomez worked for a total of twenty-three hours. Trevino produced no evidence to establish otherwise. An employer who fails to pay the minimum wage, as required by the FLSA, is liable to the employee for all unpaid wages and an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b). Thus, Trevino is liable to Armando DeLeon for $123.25 in unpaid wages and $123.25 in liquidated damages. Trevino is also liable to Romero DeLeon for $123.25 in unpaid wages and $123.25 in liquidated damages. Finally, Trevino is liable to Benigno Gomez for $97.75 in unpaid minimum wages and $97.75 in liquidated damages.

## AWPA CLAIMS

Pursuant to the AWPA, at 29 U.S.C. § 1854(c), a court may award either actual damages or "statutory damages of up to $500 per plaintiff per violation" of the AWPA. Plaintiffs assert that Trevino provided each of them with false and misleading information regarding the terms and conditions of employment in violation of 29 U.S.C. § 1821(b), failed to post the terms and conditions of the working arrangement in violation of 29 U.S.C. § 1822(c), failed to provide written pay statements as required by 29 U.S.C. § 1831(c)(2), and failed to pay wages owed when due in violation of 29 U.S.C. § 1832(a).

Some of the factors to be considered in assessing statutory damages under the AWPA are as

3

follows:

> The legislative history of the Act and the decisions interpreting it make clear that the purpose of this civil remedy is not restricted to compensation of individual plaintiffs. It is designed also to promote enforcement of the Act and thereby deter and correct the exploitive practices that have historically plagued the migrant farm labor market.
>
> Deterrent effect may be achieved without awarding exemplary damages. Whether an award accomplishes this purpose, in addition to affording compensation, is determined by considering not only the amount allowed to each plaintiff for each violation but also the total amount of the award, the nature and persistence of the violations, the extent of the defendant's culpability, damage awards in similar cases, the defendant's ability to prevent future violations of the Act, the substantive or technical nature of the violations, and the circumstances of each case. Plainly, it ought not to be cheaper to violate the Act and be sued than to comply with the statutory requirements...Further, the legislative history of the Act notes that farmworkers who attempt to assert their rights must overcome a general background of fear and intimidation caused by the widespread practice of retaliation against those who complain about violations. Awards should be adequate to encourage workers to assert their statutory rights.

*Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1332-33 (5th Cir. 1985) (in awarding statutory damages under the antecedent statute to the AWPA, the Farm Labor Contractor Registration Act "FLCRA", 7 U.S.C. § 2041, *et seq.*, repealed and replaced by the AWPA in 1983) (footnotes omitted).

The Court has considered the factors enumerated in *Beliz* in determining the amount of statutory damages to award to plaintiffs. The Court awards each plaintiff the amount of $500 for each violation of the AWPA, as provided by law. Plaintiffs' summary judgment evidence establishes four separate violations of the AWPA. Accordingly, Trevino is liable to each plaintiff in the amount of $2000.

## ATTORNEYS FEES

The FLSA states that a worker who recovers wages under that Act should be awarded his

4

attorneys fees, at 29 U.S.C. § 216(b):

> The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. (emphasis added).

In the instant case, plaintiffs recover on claims brought under the FLSA and the AWPA. However, only the FLSA provides for attorneys' fees. With regard to this matter, the Fifth Circuit has stated the following:

> A successful FLSA claim carries with it recovery of attorneys' fees. 29 U.S.C. § 216(b). This recovery extends to time spent on non-FLSA issues to the extent that those issues interrelate and overlap with FLSA ones.

*Diaz v. Robert Ruiz, Inc.*, 808 F.2d 427, 429 (5th Cir. 1987). Plaintiffs' claims under the FLSA and the AWPA all arose from the identical nucleus of facts. Accordingly, this Court deems it appropriate that attorneys' fees should include all hours reasonably spent on the litigation as a whole.

On the basis of the submissions from plaintiffs, and Trevino's failure to designate specific facts showing a genuine issue of material fact for trial, the Court is persuaded that plaintiffs are entitled to summary judgment.

IT IS therefore **RECOMMENDED** that Plaintiffs' Motion for Summary Judgment (Docket No. 17) pursuant to Fed. R. Civ. P. 56(c) be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

5

DONE at Brownsville, Texas, this 27th day of February, 2001.

_____
John Wm. Black
United States Magistrate Judge